**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO AGUIRRE-MADERO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 11-73824

Agency No. A088-765-037

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Armando Aguirre-Madero petitions for review of a Board of Immigration

Appeals ("BIA") decision which found him statutorily ineligible for adjustment of

status and which dismissed his appeal of the denial of cancellation of removal. We

review legal questions de novo, and we deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aguirre-Madero is not eligible for adjustment of status under 8 U.S.C. § 1255(i) because he is an alien who has been unlawfully present in the United States for an aggregate period of more than one year. That is conceded. This fact renders him inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I). *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 507 (9th Cir. 2012) (en banc). The BIA did not err when it found Aguirre-Madero ineligible for adjustment of status.

To prevail on his claim that the IJ and BIA violated his due process rights, Aguirre-Madero must show that he suffered prejudice. *Cano-Merida v. I.N.S.*, 311 F.3d 960, 965 (9th Cir. 2002). Even assuming the IJ erred if it failed to address with particularity his reasons for rejecting Aguirre-Madero's claim of hardship to Aguirre-Madero's parents, Aguirre-Madero cannot show that he was prejudiced by this error. The IJ stated that Aguirre-Madero was "not . . . a fit candidate for cancellation of removal." This court does not have jurisdiction to review the discretionary decision as to cancellation, and so Aguirre-Madero cannot show prejudice. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003).

Further, the BIA properly considered the evidence submitted as to Aguirre-Madero's parents in considering his appeal. The BIA did not, as Aguirre-Madero contends, violate due process when it failed to remand for further factfinding. Aguirre-Madero was entitled to a full and fair hearing on his claims, which he

received.  But he was not entitled to a second opportunity to present evidence, as he had already offered testimony and documents.  *Cano-Merida*, 311 F.3d at 964.

The petition for review is **DENIED**.